UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NANCY M. MARRERO,

                        Plaintiff,

        v.                                            **DECISION AND ORDER**
                                                      11-CV-583S

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.

        1.      Plaintiff challenges an Administrative Law Judge's ("ALJ") decision, dated December 14, 2010, wherein the ALJ determined that Plaintiff was not disabled under sections 216(i), 223(d), and 1614 (a)(3)(A) of the Social Security Act. Plaintiff alleges that she became disabled on March 28, 2008.   In her pro se[1] preprinted complaint, she contends that the ALJ's determination was erroneous and/or contrary to law.

        2.      On December 9, 2010, the ALJ held a hearing at which Plaintiff and a vocational expert testified.  After consideration of the evidence, including hearing testimony and Plaintiff's medical records, the ALJ denied Plaintiff's application for disability benefits and supplemental security income.   On May 23, 2011, the Appeals Council denied Plaintiff's request for review, and again denied to review the decision on June 24, 2011, after consideration of further evidence.  Plaintiff filed the current civil action seeking review of Defendant's final decision in this Court on July 11, 2011.

        3.      Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on January 3, 2012. This Court finds the

---

[1]Plaintiff was represented by counsel during the hearing and the administrative appeal.

matter fully briefed and oral argument unnecessary. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), cert denied 459 U.S. 1212 (1983).

5.     "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

2

may differ from the [Commissioner's]."   Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.      This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8.      Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since March 28, 2008, the onset date of her alleged disability (R.[2] 16); (2) Plaintiff's severe impairments are degenerative disc disease of the knees, left shoulder, and depression (R. 16); none of these impairments, or any combination thereof, meets or medically equals a disabling impairment under the regulations (R. 16-18); although Plaintiff is not able to perform any of her past relevant work, she has the residual functional capacity to perform sedentary work with certain limitations,[3] including work as a ticket taker, lens inserter, or a label cutter. (R. 18, 22).

---

[2] Citations to the administrative record are designated as "R." In support of the Motion to Dismiss (Docket No. 9), Defendant submitted a supporting Memorandum of Law (Docket No. 10), Plaintiff responded pro se with a letter (Docket No. 12), and Defendant filed a reply Memorandum of Law (Docket No. 13).

[3] Plaintiff can only occasionally climb, stoop, kneel, crouch, crawl, and balance with the assistance of a hand held device, she cannot reach overhead with her left arm, requires a hand held device for uneven terrain or prolonged ambulation, and should avoid heavy moving machinery and exposure to unprotected heights. (R. 18-21).  The ALJ also found that Plaintiff could understand and carry out simple instructions, make judgments on simple work related decisions, and interact with others appropriately in a work setting.  (R. 18)

10.     Plaintiff does not raise a specific challenge to the ALJ's determination. Nonetheless, this Court has reviewed the record and determined that the ALJ's findings and conclusions are supported by substantial evidence, and Defendant is therefore entitled to a judgment in its favor on the merits.  Initially, the ALJ's determination is supported by the testimony of Plaintiff herself.  She testified that both her pain and depression responded favorably to medication (R. 36-37, 40), that she could and did perform all her household chores, including bill payments and grocery shopping, on a regular basis, and that she used public transportation. (R. 34-35, 44).  Moreover, when asked by the ALJ if she foresaw any difficulty performing a job less physically demanding than her prior jobs, such as a position as a movie ticket taker that allowed her to change from sitting to standing at will, Plaintiff responded "No. Not at all." (R. 37).  The ALJ asked several follow-up questions to ensure that Plaintiff understood the parameters of his question, and again Plaintiff responded that "I would be able to – without the pain and stuff I am able to do – It might take me a long time to get there and to move around and stuff, but I'm sure." (R. 39).  Notably, in providing the hypothetical upon which the vocational expert concluded that ticket taker was a viable job option, the ALJ specifically included the need to change positions at will. (R. 48-49).

11.     There is nothing in Plaintiff's medical records that would call into question either the ALJ's findings or Plaintiff's own testimony regarding her ability to work.  Her treating physician Dr. Gomez noted following a March 28, 2008 examination that Plaintiff's work activities were "limited due to back pain [and] shoulder pain," but there is no further explanation of the specific objective medical findings supporting this conclusion. (R. 210; see Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999)(a treating physician's opinion is

controlling only where it is well-supported by medical evidence)).  Further, although Dr, Gomez indicated on this preprinted state disability agency form that the work limitation would last more than twelve months, another treating physician to whom Plaintiff was subsequently referred shortened that period to June 14, 2008, less than three months. (R. 210, 215).  This physician further noted that, although Plaintiff's left shoulder had "limited abduction," she was "[i]n no apparent distress." (R. 215).   Dr. Gomez's statements following an August 4, 2008 examination that Plaintiff could not work due to severe left shoulder pain and bilateral knees are likewise conclusory and unsupported by objective medical evidence. (R. 292-293; see also 294-295, 345).  Notably, Plaintiff had surgery on her left shoulder in December 2008, and in contrast to the conclusory statements on the state disability forms, Dr. Gomez's examination notes following the surgery contain no remarkable findings with respect to Plaintiff's ability to work. (R. 341-342, 344-345, 347). The ALJ therefore did not err in giving more weight to the conclusion of the consultative physician who found in September 2008 that Plaintiff had a marked limitation for the use of her left upper extremity but only a moderate limitation for walking and standing. (R. 245). In addition to the musculoskeletal test results indicated in his report, the consultative physician further observed that Plaintiff's "[g]ait normal after she was up and walking for a minute or two," she did not need assistance getting on and off the exam table or rising from a chair, and although Plaintiff walked with a cane, this physician concluded that it was not medically necessary. (R. 243-244).  Finally, although Plaintiff's records reflect that she suffers from depression and anxiety, these records also reflect that she is stable with appropriate thought content and intact thought process. (see e.g. R. 375-378, 380-384).

12.    For the foregoing reasons, Defendant's Motion for Judgment on the

Pleadings is granted.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: July 28, 2012
     Buffalo, New York

                                       /s/William M. Skretny
                                  WILLIAM M. SKRETNY
                                      Chief Judge
                              United States District Court